IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMOS TATE, | : |
| Plaintiff | : CIVIL NO. 1:16-CV-01108 |
| vs. | : |
| SCI BENNER, et al., | : (Judge Rambo) |
| Defendants | : |

**MEMORANDUM**

**Background**

On June 10, 2016, Amos Tate, a former inmate at the State Correctional Institution at Benner Township Centre County, Pennsylvania ("SCI-Benner Township"), filed a handwritten, totally conclusory, rambling complaint[1] against SCI-Benner Township; the Pennsylvania Department of Corrections; Tammy Ferguson, alleged to be the "Facility Manager" of SCI-Benner Township; the Pennsylvania Board of Probation and Parole ("PBPP"); and Kimberly Barkley, the Secretary of the PBPP. (Doc. 1.)

---

1. The complaint was entitled "Liability Suit" and Tate asserted it was brought pursuant to 42 U.S.C. § 1988 which deals with the award of attorney's fees in civil rights cases. The proper jurisdictional basis for the complaint is 42 U.S.C. § 1983.

It appears that Tate is alleging that he was not provided with adequate medical care. (<u>Id.</u>)

In addition to the complaint, Tate filed a motion to proceed <u>in forma pauperis</u>. (Doc. 2.)  However, the motion was not the form used by this Court for former inmates and on June 13, 2016, an Administrative Order was issued requiring Tate to file the proper form. Subsequently, on June 22, 2016, Tate filed the correct motion to proceed <u>in forma pauperis</u>.  (Doc. 6.)

For the reasons outlined below, Tate's motion to proceed <u>in forma pampers</u> will be granted and his complaint will be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted[2] and as a violation of Rule 8 of the Federal Rules of Civil Procedure.

---

2. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**Discussion**

The Supreme Court has recognized that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Roman, 904 F.2d at 194 (baseless factual contentions describe scenarios clearly removed from reality). The Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton, 504 U.S. at 33.

Even though a complaint is not frivolous it still may be dismissed under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted.

Fed.R.Civ.P. 12(b)(6) is the basis for this type of dismissal. Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal,___U.S.___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at

1965.) "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" Id., 127 S.Ct. at 1965 (quoted case omitted).

In resolving the issue of whether a complaint states a viable claim, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. at 211 (quoted case omitted).

Although there is not a heightened pleading standard in § 1983 cases, a § 1983 complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate

notice to frame an answer.  A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements:  1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  <u>Natale v. Camden County Corr. Facility</u>, 318 F.3d 575, 580-581 (2003);  <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995); <u>Shaw by Strain v. Strackhouse</u>, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach.  <u>Martinez v. California</u>, 444 U.S. 277, 285 (1980).[3]  A prerequisite for a viable civil

---

3. The <u>Martinez</u> court explained: "Although a § 1983
(continued...)

6

rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. See Monell v. Department of Social Serv. of the City of N.Y., 436 U.S. 658, 694-95 (1978); Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990); Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

  First, a prison or a Department of a state, such as the Department of Corrections, are not entities subject to suit under 42 U.S.C. § 1983. The United States Supreme Court established in Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989), that "a State is not a person within the meaning of § 1983." Ordinarily, only actual persons are subject to suit under § 1983. Id. at 71. Furthermore, a prison is not a person within the meaning of § 1983. Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Smith v. Samuels, 2013 WL 5176742, *4 (M.D.Pa. 2013)("Courts have

---

3. (...continued)
claim has been described as 'a species of tort liability,' Imbler v. Pachtman, 424 U.S. 409, 417 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." Id.

repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability.")(Nealon, J.); see also Ellman v. Prime Care, Inc., 2014 WL 2601728, *2 (M.D.Pa. 2014)(Nealon, J.); Williams v. Lackawanna Count Prison, 2010 WL 1491132, *1 n.2 (M.D.Pa. 2010)(McClure, J.). Consequently, Tate's claims against SCI-Benner Township and the Pennsylvania Department of Corrections will be dismissed without leave to amend.

    Tate must allege that each named defendant was personally involved in the events or occurrences that underlie the claim. See Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003), (citations omitted). Liability may not be imposed under Section 1983 on the principle of respondeat superior. Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989) (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)). Rather, "supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct." Id. at 106 n.7.

Claims based upon the Cruel and Unusual Punishments Clause have both objective and subjective components. <u>Wilson v. Seiter</u>, 501 U.S. at 298. Serious hardship to the prisoner is required to satisfy the Eighth Amendment's objective component. <u>Id.</u> The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind". <u>Id.</u>

The objective component of an Eighth Amendment medical care claim, <u>i.e.</u>, whether a plaintiff's medical needs were serious, has its roots in contemporary standards of decency. <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992). A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or is one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. <u>Johnson v. Busby</u>, 953 F.2d 349, 351 (8th Cir. 1991); <u>Monmouth County Correctional Institution Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987); <u>Ramos v. Lamm</u>, 639 F.2d 559, 575 (10th Cir. 1980), <u>cert. denied</u>, 450 U.S. 1041 (1981); <u>West v. Keve</u>, 571 F.2d 158, 162-63 n.6 (3d Cir. 1978). The serious medical need element

contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain. See Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d at 347; Archer v. Dutcher, 733 F.2d 14, 16-17 (2d Cir. 1984); Todaro v. Ward, 565 F.2d 48, 52 (2d Cir. 1977).

Under even the most liberal construction, the complaint as it relates to all of the defendants fails to state a claim on which relief may be granted. There are no allegations in the complaint from which a jury could conclude that any of the individual defendants in any manner violated Tate's constitutional rights.

Although the complaint as filed fails to state a cause of action against the defendants, it is possible that the deficiencies may be remedies by amendment with respect to Defendants Ferguson and Barkley. Consequently, Tate will be granted such an opportunity. Tate is also advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the complaint already filed. Such amended complaint should set forth his claims in short, concise and plain

statements. It should specify which actions are alleged as to which defendants. If Tate fails to file an amended complaint adhering to the standards set forth above, this case will be closed.

    An appropriate order will be entered.


                      s/Sylvia H. Rambo
                      SYLVIA H. RAMBO
                      United States District Judge


Dated: September 27, 2016